## Alien Married Women.

*Citizenship — Married alien women — Remarriage—Loss of citizenship— Federal Act of Sept. 22, 1922.*

1. If an alien woman, prior to the passage of the Federal Act of Sept. 22, 1922, ch. 411, 42 Stat. at L. 1021, had married a naturalized foreigner, she thereby became a citizen of the United States by virtue of her marriage.

2. If an alien woman, subsequent to the passage of the Act of 1922, marries a naturalized foreigner, she does not thereby become a citizen of the United States, but in order to become such she must meet the requirements of the Act of 1922.

3. If at the time of the death of her first husband a woman was a citizen of the United States, and subsequently, but prior to the passage of the Act of 1922, married an alien, she thereby took the citizenship of her husband and lost her status as a United States citizen.

4. But if at the time of the death of her first husband she was a citizen, and then, subsequent to the passage of the Act of 1922, married an alien, she did not thereby lose her citizenship.

5. In order to do so she must renounce her citizenship before a court having jurisdiction over the naturalization of aliens as provided by the act; but if the alien whom she married was ineligible to citizenship, she thereby lost her citizenship.

Department of Justice. Opinion to Mr. J. B. Truman, Chief, Bureau of Inspection, Board of Game Commissioners.

GOLLMAR, Dep. Att'y-Gen., Dec. 18, 1925.—I am in receipt of your communication asking: (*a*) The status as to citizenship of an alien woman who marries a naturalized foreigner (citizen); (*b*) as to her status as a citizen if she, having become a widow, then marries an alien. You ask this question because under our Pennsylvania laws an alien cannot legally possess guns.

### Alien Married Women.

(a) The Federal statutes relating to this subject are the Act of March 2, 1907, ch. 2534, 34 Stat. at L. 1228, and the Act of Sept. 22, 1922, ch. 411, 42 Stat. at L. 1021. Prior to the passage of the Act of 1922, referred to above, the law in relation to your question was that whenever a woman is in a state of marriage to a citizen, whether his citizenship existed before or after his marriage, she becomes by that fact a citizen also: Kelley v. Owens, 7 Wall. (U. S.) 496; 11 Corpus Juris, 780; 14 Opinions of Attorney-General, 402; U. S. Revised Statutes, § 1994.

But the Federal Act of Sept. 22, 1922, § 2, 42 Stat. at L. 1021, referred to above, provides as follows: "Any woman who marries a citizen of the United States *after* the passage of this act, or any woman whose husband is naturalized after the passage of this act, shall not become a citizen of the United States by reason of such marriage or naturalization; but if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions: (a) No declaration of intention shall be required; (b) in lieu of the five-year period of residence within the United States and the one-year period of residence within the state or territory where the naturalization court is held, she shall have resided continuously in the United States, Hawaii, Alaska or Porto Rico for at least one year immediately preceding the filing of the petition."

Therefore, in answer to your question (a), I am of the opinion that if an alien woman, prior to the passage of the Federal Act of Sept. 22, 1922, ch. 411, 42 Stat. at L. 1021, had married a naturalized foreigner (citizen), she thereby became a citizen of the United States. But if an alien woman, subsequent to the passage of the Act of 1922, married a naturalized foreigner (citizen), she did not thereby become a citizen of the United States. In order to become such she must meet the requirements of the Act of 1922, as provided above.

(b) As to her status as a citizen, if she, having become a widow, married an alien, this question must be considered in relation to whether she had married her first husband before or after the passage of the Act of 1922. The Act of Sept. 22, 1922, ch. 411, § 3, 42 Stat. at L. 1021, provides as follows: "A woman citizen of the United States shall not cease to be a citizen of the United States by reason of her marriage after the passage of this act, unless she makes a formal renunciation of her citizenship before a court having jurisdiction over naturalization of aliens; Provided, that any woman citizen who marries an alien ineligible to citizenship shall cease to be a citizen of the United States. If, at the termination of the marital status, she is a citizen of the United States, she shall retain her citizenship, regardless of her residence. If, during the continuance of the marital status she resides continuously for two years in a foreign state of which her husband is a citizen or subject, or for five years continuously outside of the United States, she shall thereafter be subject to the same presumption as is a naturalized citizen of the United States. . . ."

Therefore, in answer to your question (b), the status of the woman, as regards citizenship at the time of her second marriage, must be taken into consideration; if at the time of the death of her first husband a woman is a citizen of the United States, and subsequently (but prior to the passage of the Act of 1922, referred to above) married an alien, she thereby took the citizenship of her husband and lost her status as a United States citizen. But if, at the time of the death of her first husband, she was a citizen, and then *subsequent* to the passage of the Act of 1922 she married an alien, she did not thereby lose her citizenship. In order to do so, she must renounce her

### Alien Married Women.

citizenship before a court having jurisdiction over the naturalization of aliens, as provided by the act; but if the alien whom she married was ineligible to citizenship, she thereby lost her citizenship.

From C. P. Addams, Harrisburg, Pa.

NOTE.—The Act of Sept. 22, 1922, 42 Stat. at L. 1021, repealed section 3 of the Act of March 2, 1907, ch. 2534.